UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NUMBER: 3:13-cr-479 |
| v. | |
| JERRY ELMO HARTSOE<br>MARK SHANNON MANUEL<br>JAMES CHAPPELL DEW<br>RONALD KEVIN HAYES | GOVERNMENT'S TRIAL BRIEF |

The United States of America, by and through its undersigned attorney, hereby respectfully submits its trial brief to provide an overview of the facts the Government intends to present as well as the applicable laws in this case. The trial brief also identifies legal issues that the Court may need to address prior to or during the trial.

## STATUS OF THE CASE

On June 4, 2013, a Federal Grand Jury for the District of South Carolina returned a nine-count sealed Indictment charging Defendants Jerry Elmo Hartsoe, Mark Shannon Manuel, James Chappell Dew and Ronald Kevin Hayes with mail fraud, in violation of Title 18, United States Code, Section 1341 and charging Defendant Hartsoe with making false statements, in violation of Title 18, United

States Code, Section 1001.  All defendants were taken into custody and were appointed counsel.  James P. Craig represents Hartsoe, Louis H. Lang represents Manuel, Kenneth M. Mathews represents Dew, and Parks N. Small represents Hayes.  On December 3, 2013, a Federal Grand Jury for the District of South Carolina returned a ten-count superseding indictment, adding one count of uttering false government obligations for all defendants.

The United States is represented by Assistant United States Attorneys T. DeWayne Pearson and John C. Potterfield.  The trial is set for January 27, 2014. The United States expects to call approximately 20 witnesses during its case-in-chief.  The United States expects that it will require approximately 10 days for presenting its evidence.

## SUMMARY OF FACTS

The United States of America will present witnesses that will advance the following facts:

 James Chappell Dew Jr., Mark Shannon Manuel, Jerry Elmo Hartsoe and Ronald Kevin Hayes have engaged in an ongoing scheme to mail fictitious financial documents to various banks and lenders around the United States through a company called Eden Gifted Properties (EGP) and Hakunamatata for All.  EGP uses sovereign citizen rhetoric and tactics in an effort to convince victims that EGP

will be able to eliminate their debt through a series of complicated financial filings and letters.  Approximately 260 victims from multiple states have been identified. The following is a summary of the fraud scheme used by the defendants to trick their victims into paying for the bogus debt elimination system.

The defendants rely on a frequently discredited theory called "Redemption." "Redemption" is a scheme that utilizes commercial law to harass, confuse and slow down its targets.  The theory advocates that an individual can "redeem" himself through the filing of commercial documents, typically using Uniform Commercial Code (UCC) filing statements.  The theory further holds that "redemption" allows the person to then access a government financial account with unlimited funds. According to the theory, a person has a split personality, an actual human being and a fictional person called a "strawman."  The "strawman" was created under the erroneous belief that when the United States went off the gold standard in 1933 it pledged its citizens as collateral for the national debt.  The theory holds that the real person can "redeem" the fictional "strawman" by filing a UCC financing statement.  "Redemption" advocates assert that since the strawman serves as collateral for the national debt, then the "redemption" of their personal strawman allows them to access funds directly from the United States Treasury using the Federal Reserve.  Further, proponents of the theory assert that the government only has power over the strawman and not the real person.  These individuals also

erroneously assert that all conflicts are commercial and private in nature and therefore governed by the UCC. Therefore, they claim that they are not bound by any federal, state, or local law.

Using connections within various religious, social, and political groups, the defendants traveled across the United States on multiple occasions to host seminars and presentations. After identifying potential victims at these seminars and presentations, the defendants would solicit several thousand dollars from their victims under the auspices of "making a donation to EGP." After being paid by the victims, the defendants would mail a series of bogus documents to banks, lenders and other financial institutions, claiming that the victims' debt was satisfied based on the redemption theory. In an effort to confuse and slow the debt collection process, EGP would make numerous packet mailings containing copious amounts of documents with legalistic sounding names. The documents included "registered bonded promissory notes" and "money orders" and were crafted in such a way as to make them appear to be capable of drawing funds off the United States Government. These documents were mailed to multiple high ranking executives of the banks and contained nonsensical instructions on how to use the fraudulent bonds to pay the debt of EGP customers. The documents sent by EGP were worthless and did not eliminate any of the victims' debt. The defendants continued to send these bogus financial instruments through the United States Mail

despite receiving numerous letters and warnings from banks and lenders that the documents were fraudulent and worthless.  The defendants failed to notify or instruct the victims that EGP's system did not eliminate any debt.  Further, the defendants continued to require and receive monetary payments from the victims, despite knowing that the system did not eliminate any debt.  A typical package mailed by EGP contained over 50 fraudulent documents and were mailed multiple times to different financial institutions for each EGP customer.  Each package was sent via either certified or registered mail.

The FBI cultivated both a Cooperating Human Source (CHS) and an Undercover Employee (UCE) in the investigation.  The CHS attended a Columbia area meeting of the Republic of the united States of America (RuSA).  The RuSA is a sovereign citizen organization that does not recognize the authority of the United States Government and adheres to the "redemption" theory.  During this meeting, Hartsoe gave an overview of the EGP debt elimination process, including the cost of the service and the location of EGP offices.  The UCE then attended an additional private meeting with EGP where the process was pitched by Dew.  At the direction of the FBI, the CHS provided Dew with the name and contact information for the FBI UCE.  Hartsoe contacted the UCE and began the sales pitch.  Hartsoe exchanged numerous telephone calls and had multiple email conversations with the UCE in an effort to recruit him as a customer.

The UCE had a meeting with Hartsoe to discuss the specifics of his financial obligations. Hartsoe explained to the UCE how the EGP process would pay the UCE's debt "three times over." Hartsoe's explanation contained the essential elements of the "redemption" theory and Hartsoe maintained that EGP would be able to eliminate all of the UCE's debt.

Hartsoe explained that the UCE needed to submit payment to EGP to give "energy" to the process. This money was necessary to begin the debt elimination process and the process could not be performed without the UCE's payment to EGP. Hartsoe set the price of the EGP service at 10% of the value of the supposed debt elimination (for the UCE, approx. $4,200). Hartsoe then encouraged the UCE to max out his credit cards in an effort to get as much money out of them as possible. Hartsoe informed the UCE that he should prepare to receive a barrage of letters from his creditors and that he should ignore all of them and reply with a standard response provided by Hartsoe.

Hartsoe instructed the UCE to sign confidentiality and non-disclosure agreements and a power of attorney in order to start the debt elimination process. These documents were standard for all EGP victims and helped perpetuate the fraud. Hayes prepared and signed the documents as a notary. Additionally, Hayes created, notarized, mailed and filed the documents for EGP in the office. Manuel and Dew served as signatories on many of the fraudulent bonds issued by EGP.

The UCE met with Dew, Hayes, and Hartsoe again at the EGP office. This meeting was captured on audio and video recording. The defendants explained in detail how the debt elimination process worked. Dew showed the UCE a bond he claimed to be worth $100 billion dollars. Hartsoe and Dew claimed that EGP used this and other bonds to repay the debts of their customers.

Based on the information gathered by the UCE and CHS, the FBI applied for and was granted a search warrant for the business office of EGP. During the search, the FBI seized voluminous documentary evidence, including multiple bankers boxes of EGP client files and records of fraudulent mailings. Review of the documents showed that Manuel, Dew, Hayes and Hartsoe were principal members of EGP and actively solicited customers and prepared fraudulent mailings for EGP. The defendants did not make a formal statement during the search. However, Hartsoe specifically told Special Agent Carl Cuneo that EGP did not charge customers for the service. This statement is untrue and the seized documents clearly show that EGP did in fact charge customers for their supposed service. Further investigation of EGP revealed that the defendants used the payments received by the victims to purchase gold and silver from a business associate at Double Eagle Coin Exchange. The defendants also used the victims' payments to pay personal bills and expenses.

## OVERVIEW OF CHARGES

The indictment charges Hartsoe, Manuel, Dew and Hayes with violations pertaining to aiding, abetting, and substantively participating in an effort to defraud their customers by using the United States Postal Service to pass fictitious government obligations.

**Counts 1-8; Mail Fraud – 18 U.S.C. §1341**; The Government will be required to prove the following:

*One* – that the defendant(s) devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material; and

*Two* – that, for the purpose of executing or attempting to execute the scheme, the defendant(s) did one of the following:
   a. Placed in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service;
   b. Deposited or caused to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier;
   c. Took or received from any matter or thing whatever delivered by the Postal Service or any private or commercial interstate carrier; or
   d. Caused to be delivered by mail or private or commercial interstate carrier according to the address on the item any matter or thing whatever.[1]

---

[1] *United States v. Harvey,* 532 F.3d 326, 333 (4th Cir. 2008), which identifies four elements, even though the court cites *United States v. Godwin*, 227 F.3d 659, 666 (4th Cir. 2001), which identifies only the classic two essential elements of (1) a scheme to defraud and (2) the use of the mails or wire communication in furtherance of the scheme. Intent to defraud is inherently part of proving the scheme to defraud.

**Count 9; Providing False Statements – 18 U.S.C. §1001**; The Government will be required to prove the following:

*One* – that the defendant made a false, fictitious, or fraudulent statement or representation;

*Two* – that the false, fictitious, or fraudulent statement or representation was material to a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States; and

*Three* - that the defendant acted knowingly and willfully, that is, the defendant knew the statement or representation was false, fictitious, or fraudulent.[2]

**Count 10; Uttering Counterfeit Government Obligations – 18 U.S.C. §514**; The Government will be required to prove the following:

*One* – that the defendants, with intent to defraud;

*Two* – passed uttered, presented, offered, brokered, issued, sold, or attempted or caused the same, or with like intent possessed within the United States; and

*Three* – a false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States.

*Count 1*

The Government charges that on or about July 27, 2011, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to

---

[2] *United States v. Arch Trading Co.,* 987 F.2d 1087, 1095 (4th Cir.1993).

defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to New York under United States Post Office parcel number RB 607 904 642 US.

*Count 2*

The Government charges that on or about March 14, 2012, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to Georgia under United States Post Office parcel number RE 716 929 441 US.

*Count 3*

The Government charges that on or about December 21, 2010, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to Iowa under United States Post Office parcel number RE 716 927 370 US.

*Count 4*

The Government charges that on or about February 24, 2011, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and

other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to Rhode Island under United States Post Office parcel number RE 716 925 643 US.

### *Count 5*

The Government charges that on or about December 21, 2010, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to New Hampshire under United States Post Office parcel number RE 716 927 043 US.

### *Count 6*

The Government charges that on or about February 2, 2011, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to

defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to Ohio under United States Post Office parcel number RB 607 902 235 US.

*Count 7*

The Government charges that on or about March 23, 2011, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to New York under United States Post Office parcel number RB 607 902 955 US.

*Count 8*

The Government charges that on or about April 18, 2011, in the District of South Carolina, James Chappell Dew Jr., Mark Manuel, Jerry Hartsoe and Kevin Hayes as principals, aiders, abettors and as co-conspirators in organizing the criminal scheme, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did cause to be delivered by the United States mail and commercial interstate carriers to banks, lenders, government agencies and other financial institutions, fraudulent registered bonded promissory notes and other fraudulent financial documents, to wit, a packet of fraudulent financial documents mailed from South Carolina to Utah under United States Post Office parcel number 70092820000320437609.

*Count 9*

The Government charges that on or about June 1, 2012, in the District of South Carolina, the defendant, Jerry Elmo Hartsoe did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States; to wit: he told an agent of the Federal Bureau of Investigations that Eden Gifted Properties did not charge customers for their debt elimination program

14

when in truth, as he then well knew, Eden Gifted Properties did charge customers for their debt elimination program.

*Count 10*

The Government charges that beginning on or about November 17, 2009, and continuing through on or about May 11, 2012, in the District of South Carolina and elsewhere, Jerry Elmo Hartsoe, Mark Shannon Manuel, James Chappell Dew and Ronald Kevin Hayes, knowingly and while engaged in a continuing scheme, did with intent to defraud, draw, print, process, produce, publish, pass, utter, present, offer, broker, issue, and sell and with like intent did attempt to draw, print, process, produce, publish, pass, utter, present, offer, broker, issue, and sell false and fictitious instruments purporting through scheme and artifice to be actual securities and other financial instruments issued under the authority of the United States and of an organization, in that the Defendants did draw, print, processes, produce, publish, pass, utter, present, offer, broker, issue, and sell Registered Bonded Promissory Notes and Money Orders purporting to be payable through the Federal Reserve Bank.

## ANTICIPATED WITNESSES AT TRIAL

1. **William Moser, FBI** – Served search warrant at Eden Gifted Properties and discovered financial information relating to the customers.

15

2. **Carl Cuneo, FBI** – Lead case agent.

3. **Robert Branson** – EGP Customer/Fraud Victim.

4. **"Patrick Banks"** – Government undercover agent.

5. **Kenneth Fowler** – EGP Customer/Fraud Victim.

6. **Brent Horton** – EGP Customer/Fraud Victim.

7. **Keith Ingalls** – EGP Customer/Fraud Victim.

8. **Anne Marie Rust** – EGP Customer/Fraud Victim.

9. **Richard A. Turner** – EGP Customer/Fraud Victim.

10. **Dan Proeschel** – EGP Customer/Fraud Victim.

11. **Matthew T. Johnson, Department of the Treasury** – Will provide testimony concerning the US Treasury and the Federal Reserve System.

12. **Postal Inspector Maurice A. Campbell** – Will provide testimony concerning registered/certified mailings.

13. **Frederick Anderson** – EGP Customer/Fraud Victim.

14. **Robert Boyden** – EGP Customer/Fraud Victim.

15. **Linda Bright** - EGP Customer/Fraud Victim.

16. **Bruce McMellon** - EGP Customer/Fraud Victim

17. **Bank/Lender records custodians –** As needed.

## SUMMARY OF EVIDENCE

The Government has filed a detailed evidence list.  The list submitted references discovery document numbers as well as the witnesses by which the Government intends to introduce the evidence.

## POTENTIAL TRIAL ISSUES

The United States expects that the court may need to consider the legal issues discussed below prior to or during the trial.

### Admissibility of Defendant Generated Legal Explanations

The Government has made a motion *in Limine* to exclude exhibits and testimony offered by the defendants relating to the "strawman" or "redemption theory" as the admission of such documents would amount to improper jury instructions.  The Government anticipates that the defendants may attempt to raise several improper legal arguments that are consistent with the "sovereign citizen" movement and would object to the admission of any evidence purported to explain the law to the jury.  This issue has been briefed in the Government's Motion *in Limine*.

## Audio/Video Recordings and Transcripts

The Government will seek to enter into evidence three audio and video recordings of the defendant's interaction with an undercover FBI agent under Federal Rule of Evidence 801(d)(2). These three recordings capture Hartsoe, Dew and Hayes making false statements perpetuating the fraud committed against the victims.

These recordings were made on 1/17/2012, 2/14/2012 and 5/1/2012 and memorialize the interaction between the undercover agent posing as a potential customer of EGP and the defendants Jerry Elmo Hartsoe, James Chappell Dew and Ronald Kevin Hayes. The Government would assert that the statements contained in the recordings are not hearsay. Federal Rule of Evidence 801(d)(2) defines a statement as not hearsay if it is a statement offered against a party and it is the party's own statement. The statements are contained in both video and audio form and are recordings of statements made by the defendants. During these statements, the defendants make repeated references to the operation of the scheme and artifice to defraud as well as false and fraudulent promises that their system will eliminate debt. The statements made by the defendants are rife with lies, half-truths, misstatements of the law, and other statements intended to mislead and confuse potential customers. The defendants relied on these fraudulent statements in order to further the scheme and artifice to defraud. These statements are clearly

admissible under Federal Rule of Evidence 801(d)(2) as admissions by a party-opponent, and are by definition not hearsay.

### Outstanding Judgments and Financial Liens

The Government seeks to introduce evidence to show that the defendants have outstanding, undischarged tax liens and are in default on various financial obligations. These judgments show that the defendants were on notice that their efforts had not successfully discharged debt. It is the position of the Government that extrinsic evidence of these liens and judgments are admissible as part of the scheme and artifice to defraud. The defendants are charged with violations of mail fraud under Title 18, United States Code, Section 1341 and passing fictitious government obligations under Title 18, United States Code, Section 514. Both of these crimes require the Government to prove intent to defraud. The Government anticipates that the defendants may rely on a defense of belief that they are entitled to draw funds from the Federal Reserve and that their "debt elimination system" has successfully discharged debts. The primary argument of the Government regarding the evidence set forth below is that such evidence is admissible as probative evidence relating to the Defendants' intent and knowledge in the counts charged in the indictment. The evidence set forth is admissible as intrinsic

evidence to the crimes charged, because they show that the defendants' debt has not been discharged as they claimed.

The Government contends that this evidence arises out of the same series of transactions as the charged offense and "is necessary to complete the story of the crime," *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994). Further, the Government contends that the evidence is inextricably intertwined with the charged crime, and elicited as part of the groundwork needed to explain to the jury how these individuals fit into the operation of a conspiracy. *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) and *United States v. McMillon*, 14 F.3d 948, 955 (4th Cir. 1994).

## Government Fact Witnesses

The Government will seek to introduce testimony from two Government employees, Matthew T. Johnson of the Department of the Treasury/Office of the Comptroller of the Currency and Maurice A. Campbell, United States Postal Inspection Service. It is the position of the Government that both these witnesses will be testifying to facts and therefore, will not need to be admitted as expert witnesses.

Matthew T. Johnson of the Department of the Treasury/Office of the Comptroller of the Currency will testify that the Treasury does not maintain

accounts for individuals witch can be drawn upon by check or any other type of financial instrument for payment to a third party. He will further testify that there are no funds on deposit at the Treasury to satisfy individual debt obligations. It is the position of the Government that Mr. Johnson is a fact witness and would not need to be qualified as an expert to testify to the facts above.

Maurice A. Campbell, United States Postal Inspection Service, will offer testimony concerning the differences between registered mail service and certified mail service from the United States Postal Service. Specifically Inspector Campbell will offer testimony of how both services offer return receipt and proof of mailing.

Neither witness will offer testimony that is scientific or technical in nature, nor will they be offering opinion based testimony. Therefore, it is the position of the Government that the witnesses are not offering the kind of testimony contemplated by Federal Rule of Evidence 701 or 702 and they will not need to be admitted as expert witnesses. The Government has notified the defendants of its intent to elicit this testimony.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

s/T. DeWayne Pearson
T. DeWayne Pearson, ID No. 10859
Assistant U.S. Attorney
1441 Main Street, Suite 500

Columbia, South Carolina 29201
(803) 929-3000
dewayne.pearson@usdoj.gov

January 21, 2014

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:13-479 |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY ELMO HARTSOE | ) | |
| MARK SHANNON MANUEL | ) | |
| JAMES CHAPPEL DEW | ) | |
| RONALD KEVIN HAYS | ) | CERTIFICATE OF SERVICE |

As attorney of record, on January 21, 2014, I caused to be served one true and correct copy of the attached **GOVERNMENT'S TRIAL BRIEF** via the court's e-noticing system, but if that means failed, then by regular mail, on the following persons(s):

James P. Craig, Esquire
2001 Assembly Street, Suite 201
Columbia, South Carolina 29201

Louis H. Lang, Esquire
Post Office Box 1390
Columbia, South Carolina 29202

Parks N. Small, Esquire
Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201

Kenneth M. Mathews, Esquire
Post Office Box 7335
Columbia, South Carolina 29202

s/T. DeWayne Pearson
T. DeWayne Pearson, ID No. 10859
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000
dewayne.pearson@usdoj.gov