IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:13-479-CMC |
| v. | |
| Jerry Elmo Hartsoe, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* "motion for reduction of sentence." ECF No. 450. Defendant argues that he was a "glorified office manager" who should not have been charged with the same violations as his codefendants. *Id.* at 2. He also explains that his mother is ill and therefore he requests that his sentence be reduced to time served and he be placed on supervised release, or "to have [his] sentence reduced and modified and be released on house arrest or home conferment until [his] sentence is completed." *Id.*

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c). The court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, including "extraordinary and compelling reasons;" (2) upon motion of the government for substantial assistance; or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. *Id.* None of these provisions apply to Defendant's request.

Apart from 18 U.S.C. § 3582, a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by Rule 35(a) or 18 U.S.C. § 3742.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence.  *See* Rules 35(a) and (c), Fed.R.Crim.P.  The sentence was orally announced on July 15, 2014, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past.  Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742.  The Fourth Circuit affirmed the judgment of the district court.  ECF No. 414.

The court lacks jurisdiction to modify Defendant's sentence, and therefore, Defendant's motion for reduction of sentence (ECF No. 450) is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 29, 2016

2